# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO.: 3:14-bk-0024 |
| ) | CHAPTER 13 |
| PETER G. HANEY ) | |
| EVA MARIE HANEY, ) | |
| Debtor(s). ) | |

PETER G. HANEY
EVA MARIE HANEY,
      Plaintiff(s)          ADV. NO. 3:14-ap-00277-JAF

v.

REGIONS BANK as successor by merger to
AMSOUTH BANK,
      Defendant(s).
_____/

## CONSENT FINAL JUDGMENT

This case came before the Court on the adversary complaint filed by the Plaintiffs to value collateral and determine the status of Defendant, REGIONS BANK ("REGIONS") lien and/or claim against the homestead property of Plaintiff, and on the consent of the Plaintiff and the Defendant, and without Defendant admitting any of the allegations made in the Plaintiff's Complaint, it is

ORDERED

1. Judgment is entered in favor of the Plaintiffs, PETER HANEY and EVA HANEY, against the Defendant, REGIONS.

2. Defendant has a lien on the Plaintiff's property located at 85104 Blackmon Road, Yulee, FL 32097. The legal description is as follows:

> LOTS THIRTEEN (13) AND FOURTEEN (14), LOFTON BLUFF, ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT BOOK 4, PAGE 57; PUBLIC RECORDS OF NASSAU COUNTY, FLORIDA. SUBJECT TO RESTRICTIONS, RESERVATIONS, EASEMENTS, COVENANTS, OIL, GAS OR MINERAL RIGHTS OF RECORD, IF ANY.

3. REGIONS shall be treated for the purposes of this case, as having a wholly

unsecured claim, under the provisions of 11 U.S.C. § 506.

4. The replacement value of the interest or claim of the Defendant in the Plaintiff's property is $0.00.

5. The Second Mortgage held by REGIONS, in the amount of $113,386.00 recorded at OR, Official Records Book 1447, pages 1609-1611 at or Nassau County, Florida shall be deemed void and shall be extinguished automatically, without further court order, upon entry of the Debtors' discharge in either Chapter 13 case or a Chapter 7; provided, however, that the Court reserves jurisdiction to consider, if appropriate, the avoidance of REGION'S lien prior to the entry of the Debtors' discharge.

6. The Debtors shall be authorized to use this Order and the Order of Discharge under Section 1328(a) as authorization for termination and release of the second mortgage upon the subject property.

7. If the case should be dismissed then the lien shall remain in full force and effect.

DATED this _August 21_____, 2014 at Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

2

## CONSENT

REGIONS, and the Debtors/Plaintiffs, PETER HANEY and EVA HANEY, by and through their undersigned counsel, consent to the entry of the foregoing order.

| | |
|---|---|
| **PARKER & DuFRESNE, P.A.** | **EVANS/PETERS PC** |
| By: /s/ E. Warren Parker, Jr. | By: /s/ Bert Echols |
| E. Warren Parker, Jr. | Bert Echols |
| Florida Bar No.: 958506 | Florida Bar No.: 00663387 |
| Parker & DuFresne, P. A. | Evans Petree PC |
| 8777 San Jose Boulevard, Suite 301 | 1000 Ridgeway Loop Rd., Suite 200 |
| Jacksonville, FL 32217 | Memphis, TN 38120-4036 |
| (904) 733-7766 | (901) 525-6781 |
| Fax: (904) 733-2919 | Fax: (901) 248-6854 |
| Attorneys for Debtor/Plaintiff | Attorney for Defendant |